# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY DENNIS,**
**Claimant Below, Petitioner**

**vs.)** **No. 14-0332** (BOR Appeal No. 2048787)
(Claim No. 2007212843)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Dennis, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2014, in which the Board modified a September 12, 2013, Order of the Workers' Compensation Office of Judges to reflect that Mr. Dennis's request for attorney's fees and costs incurred in obtaining a reversal of the claims administrator's November 9, 2011, decision was denied. The Board of Review affirmed the Office of Judges' grant of attorney's fees and costs incurred in obtaining a reversal of the claims administrator's December 20, 2011, decision and its denial of attorney's fees and costs in relation to the claims administrator's September 23, 2011, decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Dennis worked as an underground miner for McElroy Coal Company. On October 13, 2006, Mr. Dennis suffered injuries to his head, neck, shoulders, and upper back when an underground canopy fell on him. The claims administrator held his claim compensable for

1

various conditions including a dislocation of the acromioclavicular joint of the shoulder, a rotator cuff sprain, and a neck sprain. Several surgeries were authorized to treat Mr. Dennis's compensable injuries, including a left shoulder arthroscopy and a cervical laminectomy. Following these procedures, Mr. Dennis came under the care of Michael Shramowiat, M.D., who found that a physical examination of Mr. Dennis revealed signs of impingement syndrome in the left shoulder. Initially, Dr. Shramowiat recommended that Mr. Dennis's ongoing shoulder pain be treated conservatively; but, when Mr. Dennis's pain persisted, Dr. Shramowiat eventually requested authorization for various pain medications. Based on these requests, Charles C. Weise, M.D., performed a psychological evaluation of Mr. Dennis and recommended against treating him with opiates on a long-term basis. Mr. Dennis's shoulder pain, however, continued, and Dr. Shramowiat requested authorization for a second left shoulder arthroscopy and subacrominal decompression. He also requested authorization for Mr. Dennis to be treated with the medication Norco following the surgery. The claims administrator initially denied the request for a second shoulder surgery. On September 23, 2011, the claims administrator also denied Dr. Shramowiat's request for authorization for the medication Norco based on Dr. Weise's belief that Mr. Dennis was not a candidate for opiate treatment. Following this denial, the Office of Judges directed the claims administrator to authorize the left shoulder arthroscopy. On November 2, 2011, Dr. Shramowiat submitted a second request for the medication Norco. However, he submitted the request using the wrong claim number and did not list the correct date of injury on his request. On November 9, 2011, the claims administrator again denied Dr. Shramowiat's request because he did not provide the proper claim number. Mr. Dennis then underwent the left shoulder arthroscopic surgery, and Dr. Shramowiat submitted a third request for the medication Norco. Dr. Shramowiat stated that the medication was reasonable to treat Mr. Dennis's neck pain and his impingement syndrome. On December 20, 2011, the claims administrator again denied Dr. Shramowiat's request based on the fact that he did not include sufficient documentation to support the authorization of the medication.

On September 7, 2012, however, the Office of Judges reversed the claims administrator's September 23, 2011; November 9, 2011; and December 20, 2011, decisions. Following the Office of Judges' Order, Mr. Dennis submitted a request for attorney's fees and costs incurred in obtaining a reversal of all three claims administrator's decisions. On September 12, 2013, the Office of Judges granted Mr. Dennis attorney's fees and costs incurred in the reversal of the claims administrator's November 9, 2011, and December 20, 2011, decisions. The Office of Judges, however, denied Mr. Dennis's request for attorney's fees related to the September 23, 2011, decision. The Board of Review then modified the Office of Judges' Order on January 28, 2014, and denied Mr. Dennis attorney's fees and costs related to the reversal of the claims administrator's November 9, 2011, decision. The Board of Review affirmed the remaining provisions of the Office of Judges' Order, leading Mr. Dennis to appeal and request attorney's fees and costs incurred in obtaining a reversal of the claims administrator's November 9, 2011, and December 20, 2011, decisions.

The Office of Judges concluded that the factual basis for the claims administrator's September 23, 2011, denial of Norco was reasonable and did not entitle Mr. Dennis to recovery of attorney's fees and costs incurred in obtaining its reversal. The Office of Judges determined that the claims administrator's decision was based on the psychiatric evaluation of Dr. Weise and

2

therefore, had some factual support. The Office of Judges also concluded that the claims administrator's rationale for denying authorization for the medication Norco on November 9, 2011, and December 20, 2011, was unreasonable and did entitle Mr. Dennis to attorney's fees and costs incurred in obtaining their reversal. The Office of Judges found that, even though Dr. Shramowiat referenced the incorrect claim number in his November 2, 2011, medication request, his request justified the authorization for the medication as reasonable treatment related to Mr. Dennis's left shoulder surgery. The Office of Judges also found that this surgery had already been authorized at the time of both denials, and the claims administrator should have been aware that Mr. Dennis's shoulder condition would necessitate the requested opioid treatment.

The Board of Review modified the Office of Judges' Order and denied Mr. Dennis's request for attorney's fees and costs incurred in the reversal of the claims administrator's November 9, 2011, decision. The Board of Review found that the fact that Dr. Shramowiat listed the wrong claim number and date of injury on his November 2, 2011, medication request constituted a reasonable fact supporting the claims administrator's denial. It determined that Mr. Dennis, therefore, was not entitled to attorney's fees and costs in relation to the reversal of that decision. The Board of Review, however, agreed with the remaining provisions of the Office of Judges' Order.

The decision of the Board of Review was based on a material mischaracterization of the evidentiary record. Mr. Dennis has presented sufficient evidence to show that the claims administrator's November 9, 2011, decision denying authorization for the medication Norco was unreasonable and entitles him to attorney's fees and costs incurred in obtaining a reversal of the decision under West Virginia Code § 23-2C-21 (2009). The claims administrator's decision was unreasonable because it was made "without a legal or factual basis." W. Va. C.S.R. § 93-1-19.4 (2008). At the time of the claims administrator's denial, Mr. Dennis's left shoulder surgery had already been authorized. Even though Dr. Shramowiat's November 2, 2011, medication request did not provide the correct claim number, the claims administrator did not have a reasonable basis for its denial because it was able to identify which claim the request was related. Dr. Shramowiat also supported the medication request by relating the medication to Mr. Dennis's shoulder surgery. The claims administrator's denial, in light of these facts, was an unreasonable attempt to further delay medical treatment for Mr. Dennis's injury based on a technicality. Mr. Dennis also has demonstrated that he is entitled to attorney's fees and costs incurred in obtaining a reversal of the claims administrator's December 20, 2011, decision. The Office of Judges was within its discretion in granting Mr. Dennis's request related to the reversal of this claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' September 12, 2013, Order which granted Mr. Dennis's attorney's fees and costs incurred in obtaining a reversal of the claims administrator's November 9, 2011, and December 20, 2011, decisions.

3

Reversed and Remanded.

**ISSUED:   February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II